**Constance WEGWART, on behalf of herself and all others similarly situated, Plaintiffs,**

v.

**EAGLE MOVERS, INC., Individually and all others similarly situated, and Michael S. Wolke, Sheriff of Milwaukee County, and all others similarly situated, Defendants.**

Civ. A. No. 73–C–556.

United States District Court,
E. D. Wisconsin.

April 3, 1979.

Louis J. Mestre, Legal Action of Wis., Inc., Milwaukee, Wis., for plaintiffs.

M. J. Duginski, Milwaukee, Wis., for defendant Eagle Movers, Inc.

Robert P. Russell, Corp. Counsel, Milwaukee Co. and Gerard S. Paradowski, Asst. Corp. Counsel, Milwaukee, Wis., for defendant Michael S. Wolke.

DECISION AND ORDER

Before FAIRCHILD, Chief Circuit Judge, REYNOLDS, Chief District Judge, and GORDON, District Judge.

REYNOLDS, Chief District Judge.

The above-entitled action is presently before the court on the motion of the plaintiff class, brought pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, to amend the decision and order entered December 16, 1977, to eliminate the grant of summary judgment entered in favor of the defendant Eagle Movers, Inc., and to—

574

"(b) Includ[e] a determination that Section 407.210 WIS.STATS., violates the plaintiffs' right to due process by failing to provide a meaningful opportunity to the plaintiffs to challenge the defendant's enforcement of its lien pursuant to Section 407.210 WIS.STATS. through the withholding of possession of the plaintiffs' goods and/or their sale." (Plaintiffs' motion to amend filed December 27, 1977.)

The defendants challenge the motion on the grounds that it does not set forth with particularity the basis for the relief requested, Rule 7(b) of the Federal Rules of Civil Procedure, and that it was not timely filed. Both objections are without merit. Subpart (b) of the motion was sufficiently particular to put the defendants on notice of the claimed error in the Court's December 16, 1977, decision and order 441 F.Supp. 872,* and plaintiffs were given an extension of time by the court to file a brief in support of their motion. The motion itself was filed eleven days after the entry of judgment; the tenth day, December 26, 1977, was a legal holiday, however, and therefore, the motion filed December 27, 1977, was timely filed. Rule 6(a) of the Federal Rules of Civil Procedure.

In its decision and order issued December 16, 1977, the Court found that the defendant Eagle Movers, Inc., was acting under color of state law and therefore was subject to suit under 42 U.S.C. § 1983 and 28 U.S.C. § 1343:

"It is beyond dispute that the defendant sheriffs are acting under color of state law in executing the writ of restitution. * * * It is also beyond dispute that the defendant movers acquire their liens when they remove the named plaintiff's goods at the direction of the defendant sheriffs. This concert of action between the defendants casts the defendant movers in the role of agents of the sheriffs and brings their actions 'under color of' state law. See *Brooks v. Flagg Bros., Inc.*, 553 F.2d 764 (2d Cir. 1977).

* * * * * *

"The defendant movers derive aid from §§ 299.45 and 407.210, Wis.Stats. (1971), in the conduct of its business. Were it not for the statutes, the defendant movers could not enter into the premises, remove the goods, and automatically acquire warehousemen's liens. Such aid must be characterized as significant for it is the sole basis for the defendant movers' liens." 441 F.Supp. 872, 878–879 (E.D. Wis.1977).

New York Commercial Code § 7–210 (McKinney 1964), the constitutionality of which was the subject of a suit for declaratory and injunctive relief in *Brooks v. Flagg Bros., Inc.*, is identical in all respects to § 407.210, Wis.Stats. (1971). On May 15, 1978, the Supreme Court in *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978), reversed the decision of the Second Circuit and ruled that warehousemen acting pursuant to New York Commercial Code § 7–210 in selling goods which they removed from the apartment of an evicted tenant at the request of the city marshal were not acting under color of state law and therefore were not subject to suit under 42 U.S.C. § 1983 and 28 U.S.C. § 1343:

"* * * [T]he State of New York is in no way responsible for Flagg Brothers' decision, a decision which the State in § 7–210 permits but does not compel, to threaten to sell these respondents' belongings.

"Here, the State of New York has not compelled the sale of a bailor's goods, but has merely announced the circumstances under which its courts will not interfere with a private sale. Indeed, the crux of respondents' complaint is not that the State *has* acted, but that it has *refused* to act. This statutory refusal to act is no different in principle from an ordinary

* In their brief in support of the motion to amend and their reply brief, plaintiffs also challenge the manner in which the warehouseman's lien is created. Since this point was not raised in the motion to amend, and also for the reasons set forth in the December 16, 1977, decision and order, the Court does not reconsider its decision on that point.

statute of limitations whereby the State declines to provide a remedy for private deprivations of property after the passage of a given period of time." 436 U.S. at 165–166, 98 S.Ct. at 1738.

As the decisions of the lower courts in the *Flagg Brothers* case make clear, the defendant warehouseman in that case also was requested by the marshal to assist in court-ordered evictions; with respect to at least one named plaintiff, authorization to store the goods was not given to the warehouseman by the plaintiff; and the consequent warehouseman's lien was created as a result of New York Commercial Code § 7–209, which is identical in all pertinent respects to § 407.209, Wis.Stats. (1971). See *Brooks v. Flagg Brothers, Inc.*, 63 F.R.D. 409 (S.D.N.Y.1974), 404 F.Supp. 1059 (S.D.N.Y.1975), and 553 F.2d 764 (2d Cir. 1977).

The plaintiffs herein contend that the Supreme Court decision in the *Flagg Brothers* case is not controlling on the issue presently before the Court, which issue is the constitutionality of § 407.210, Wis.Stats. (1971), because no public officials were named as defendants in the *Flagg Brothers* action. 436 U.S. at 157, 98 S.Ct. 1729. The Court is of the opinion that the inclusion of the county sheriffs as a defendant class in this action does not suffice to distinguish *Flagg Brothers*, at least on the issue presently before the Court. Plaintiff's motion to amend does not by its terms raise the issue of the manner in which the warehouseman's lien is created, and the Court is therefore not reconsidering that issue. There is no allegation that the defendant sheriffs participate in enforcement by the defendant warehousemen of liens created pursuant to § 407.209, Wis.Stats. Consequently, at least with respect to § 407.210, the issue is whether the warehousemen's conduct alone, and not their conduct in conjunction with the previous conduct of the defendant sheriffs in executing the writs of restitution, is properly attributable to the State. 436 U.S. at 151–152, 98 S.Ct. 1729. As found by the Supreme Court in *Flagg Brothers*, it is not. See also *Melara v. Kennedy*, 541 F.2d 802 (9th Cir. 1976); *Gibson v. Dixon*, 579 F.2d 1071, 1077 (7th Cir. 1978).

For the foregoing reasons,

IT IS ORDERED that the plaintiffs' motion to amend the decision and order entered in the above-entitled action on December 16, 1977, is denied.